IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01304-PAB-CYC

ZHANDA CAREY,

    Plaintiff,

v.

JASON ALEXANDER,
SARAH ALLISON-FOISY,
KIRK CAMPBELL,
JOSE CARBAJAL,
UWRIYEL ISRAEL,
ANNALISSA REYNOLDS,
GREGORY TELISMA
WILLIAM WALDEN,
CHRIS BREZNAY, and
JANE DOE,

    Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

Defendants Jason Alexander, Sarah Allison-Foisy, Kirk Campbell, Jose Carbajal, Uwriyel Israel, Annalissa Reynolds, Gregory Telisma, and William Walden (collectively, "Movants") request a stay of discovery, ECF No. 35, pending resolution of their motion to dismiss. ECF No. 31. The Court sua sponte extended plaintiff Zhanda Carey's response deadline, warning him that if he did not respond by November 24, 2025 the Court would decide the motion "without the benefit of the plaintiff's point of view." ECF No. 39. Despite this warning, the plaintiff did not file a response. For the reasons that follow, the motion to stay is granted.

## BACKGROUND

The plaintiff's amended complaint, filed on August 18, 2024, seeks recovery under 42

U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. *See generally* ECF No. 5. In short, the plaintiff alleges that on July 29, 2024, he requested medical assistance because he "had a spoon halfway inside [his] anal cavity" and certain defendants refused to provide medical care and used excessive force on the plaintiff, including placing him in restraints, which caused injury to the plaintiff. *Id*. at 8–11. The plaintiff avers that defendants Chris Breznay and Jane Doe entered his cell to perform a medical exam but denied him medical treatment. *Id*. at 11–12. According to the plaintiff, the defendants who eventually let him out of the restraints ignored his injuries. *Id*. at 13. The plaintiff also alleges that two days later he was able to remove the spoon but had suffered with pain for those two days and continues to suffer from chronic anal pain and itching and emotional issues. *Id*. at 14.

In their motion to dismiss, the Movants argue that the complaint fails to state a claim and that they are entitled to qualified immunity. *See generally* ECF No. 31. The defendants request that discovery be stayed until the Court rules on the pending motion to dismiss. *See generally* ECF No. 35.

## **DISCUSSION**

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery. However, Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), and Rule 1 instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Moreover, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co*., 299 U.S. 248, 254 (1936). An order staying

discovery is thus an appropriate exercise of this Court's discretion. *Id.* at 254-55.

Noting that Movants assert a defense of qualified immunity, they suggest that all discovery ought to pause until that issue is resolved. *See* ECF No. 35 at 2–7. Here, while there are two defendants who have not asserted this defense, those defendants have not yet appeared in this case. All served defendants do assert this defense. Supreme Court precedent makes clear that Movants are entitled to a stay. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." (quotation marks omitted)). And an analysis of the standard factors surrounding a stay of discovery, *see Lucero v. City of Aurora*, No. 23-cv-00851-GPG-SBP, 2023 WL 5957126, at *6 (D. Colo. Sep. 13, 2023), shows that a stay is appropriate here. Those factors are the following five:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006).

First, considering the potential prejudice to the plaintiff of a delay and the plaintiff's interests in proceeding expeditiously, there is no argument or evidence that the plaintiff will be prejudiced by a stay in this case. The plaintiff did not respond to the motion despite the Court sua sponte extending the deadline. *See* ECF No. 39. Accordingly, while plaintiffs generally have an interest in proceeding expeditiously, there is no argument or evidence in this case that this plaintiff will be prejudiced by a stay. Accordingly, this factor is neutral.

The Movants argue they are all entitled to a stay because they assert entitlement to qualified immunity. ECF No. 35 at 2–3. To be sure, qualified immunity "give[s] government

3

officials a right, not merely to avoid standing trial, but also to avoid the burdens of such *pretrial* matters as discovery," *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (quotation marks omitted), and "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quotation marks omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how such discovery will raise a genuine fact issue as to the defendants' qualified immunity claim." *Martin v. Cnty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015) (quotation marks omitted). Here, the plaintiff has made no such demonstration. *See Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay because the plaintiff did not address how discovery would pertain to the defendants' qualified immunity defense). Accordingly, the second factor supports the imposition of a stay.

In addition, a stay would serve the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (quoting *Dem. Rep. Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)). Accordingly, the third and fifth factors weigh in favor of a stay.

Finally, regarding the interests of third parties, as there are no non-parties with significant, particularized interests in this case, this factor is neutral.

A balance of these factors favors a stay. *See Estate of Burnett v. City of Colo. Springs*,

4

No. 21-cv-01708-WJM-KMT, 2022 WL 218630, at *4 (D. Colo. Jan. 25, 2022) (granting stay of discovery). Therefore, good cause exists to impose a stay of discovery in this case until the Court rules on the pending motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that the Deputy Defendants' Motion to Stay Discovery, ECF No. 35, is **GRANTED**.

It is further ORDERED that discovery is **STAYED** pending further order of the Court.

It is further ORDERED that the Movants shall file a motion asking the Court to set a Scheduling Conference within **seven days** of the Court's ruling on the pending motion to dismiss, if any portion of the plaintiff's claims against Movants survive the motion to dismiss.

Entered and dated this 4th day of December, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge