IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01304-PAB-CYC

ZHANDA CAREY,

     Plaintiff,

v.

JASON ALEXANDER,
SARAH ALLISON-FOISY,
KIRK CAMPBELL,
JOSE CARBAJAL,
UWRIYEL ISRAEL,
ANNALISSA REYNOLDS,
GREGORY TELISMA
WILLIAM WALDEN,
CHRIS BREZNAY, and
JANE DOE,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Cyrus Y. Chung, United States Magistrate Judge.**

During the events of this case, defendants Jason Alexander, Sarah Allison-Foisy, Kirk Campbell, Jose Carbajal, Uwriyel Israel, Annalissa Reynolds, Gregory Telisma, and William Walden were prison guards at the Denver Downtown Detention Center, where plaintiff Zhanda Carey was housed in the summer of 2024. They move to dismiss the plaintiff's Eighth Amendment claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that he fails to state a claim to relief that is plausible on its face and that they are entitled to qualified immunity. ECF No. 31. Because the defendants' argument against the plaintiff's Eighth Amendment excessive force claim brought against Alexander, Telisma, Israel, and Carbajal

relies on video evidence the Court cannot consider on this motion, the Court recommends that the motion be denied as to that claim. But because the plaintiff fails to plead a claim for deliberate indifference to a medical need or failure to intervene under the Eighth Amendment, the Court recommends that the motion be granted as to those claims.

**<u>BACKGROUND</u>**

According to the amended complaint, whose factual allegations the Court accepts as true for this motion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), on July 29, 2024, while housed in the Denver Downtown Detention Center, the plaintiff asked Telisma to call for medical assistance because he "had a spoon halfway inside [his] anal cavity," to which Telisma responded: "if you can get a spoon in your ass you can get a spoon out of your ass." ECF No. 29 at 8. The amended complaint does not address the question of how the spoon got there. Feeling that his medical needs were being disregarded, the plaintiff hit his head on the window of his secured cell, leading Campbell to call for a cell extraction. *Id*. He stopped hitting his head against the window and again complained about the spoon stuck in his anal cavity and refusals by Telisma and defendant Chris Breznay, a nurse who has not been served in this action, *see* ECF No. 46, to send him to the hospital. ECF No. 29 at 8.

Israel, Telisma, Alexander, and Carbajal responded to the cell-extraction call and entered the cell. *Id*. at 9. Israel stood in the doorway holding a use-of-force shield, and the door was opened. *Id*. The plaintiff then stayed still, but Alexander entered the cell and aggressively grabbed the plaintiff causing pain to his fingers. *Id.* He then pushed the plaintiff, bruising his chest. *Id*. Israel then hit the plaintiff with the shield. *Id*. Telisma and Carbajal grabbed the plaintiff, and Israel hit him again with the shield, making him fall backward and hit his head

against the wall, leaving him "halfway unconscious." *Id*. The plaintiff was directed to submit to handcuffs and shackles and immediately complied. *Id*.

Once cuffed, the plaintiff sat leaning to the side to prevent the spoon from going further inside him. *Id*. at 10. The use of a restraint chair, though, made those efforts futile. Medical staff had been called about the spoon, but deputies nevertheless brought a restraint chair into the cell. *Id*. Believing the chair's use would adversely affect the spoon's position, the plaintiff protested, but Alexander, Telisma, Israel, and Carbajal picked him up and forced him into the restraint chair. *Id*. Alexander's knee pushed into the plaintiff's genitals, causing pain and, later, swelling. *Id*. Walden, Reynolds, Allison-Foisy, and Campbell did not intervene. *Id.* Forcing the plaintiff into the restraint chair, caused the spoon to lodge fully in his anal cavity. *Id*. Prior to him being restrained in the chair, each defendant knew about the spoon. *Id*. at 11.

The plaintiff was left in the restraint chair alone with his hands behind his back for approximately 90 minutes, which caused further pain and injury. *Id*. at 12. And prior to the defendants leaving the plaintiff alone in the cell, Breznay told a deputy that the plaintiff's doctor was content with the plaintiff being restrained in the chair for two hours. *Id*. When the plaintiff was released from the restraint chair, he expressed concerns about injury to his anal cavity in Alexander's and Reynolds's presence, but they ignored his concerns. *Id*. at 13.

Two days later, after unsuccessfully seeking medical attention about the spoon, the plaintiff asked Deputy Dawson to activate his body camera to record the plaintiff attempting to pass the spoon. *Id*. at 14. The plaintiff physically removed the spoon with his hand, but suffered pain for those two days and continues to suffer from chronic anal pain and itching and emotional issues. *Id*. at 14. He suffers a variety of ongoing psychological and emotional effects. *Id*. at 16.

On April 25, 2025, the plaintiff filed this action. ECF No. 1. His amended complaint asserts Eighth Amendment claims pursuant to 42 U.S.C. § 1983 for, as he puts it, excessive force, deliberate indifference, failure to intervene, causation, breach of contract, medical malpractice, and gross negligence against the defendants in their individual capacities and seeks compensatory and punitive damages. ECF No. 29 at 16–18, 20-22.

This motion followed. ECF No. 31.

## ANALYSIS

The defendants challenge these claims under Rule 12(b)(6). They briefly indicate that, as a technical matter, their motion arises under Rule 12(c) because it asserts qualified immunity. ECF No. 31 at 4 n.4 (citing *Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir. 2011)). But the defendants in *Brown* had raised qualified immunity "in their answer." 662 F.3d at 1160 n.4. *Brown* did not hold that qualified immunity generally transforms a Rule 12(b)(6) motion into a Rule 12(c) motion. In all events, nothing turns on this, as the defendants concede that the substantive evaluation would be the same. ECF No. 31 at 4 n.4.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." As such, a plaintiff's "failure to state a claim upon which relief can be granted" warrants dismissal under Rule 12(b)(6). The standard for evaluating those arguments is oft-repeated and well-known. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility refers "to the scope of the

allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Legal conclusions are not entitled to the assumption of truth, *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

When considering the plaintiff's allegations, the Court construes his complaint "liberally" and holds him "to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). But the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). As such, if the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail," it will do so "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## I.  Excessive Force

The plaintiff brings his excessive force claim against Alexander, Telisma, Israel, and Carbajal, the guards in his cell who placed him in the restraint chair. ECF No. 29 at 10–11, 16. These defendants' arguments for dismissal rely entirely on body worn camera video footage of their interactions with the plaintiff. *See* ECF No. 31 at 8–10; ECF Nos. 33 and 34. This precludes consideration of their arguments.

Generally, a court considers only the facts alleged in a plaintiff's complaint when ruling on a Rule 12(b)(6) motion. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Consideration of other materials usually requires conversion to a motion for summary judgment. Fed. R. Civ. P. 12(d). As with any general rule, though, there are exceptions. "[C]ourts may consider documents that a plaintiff (1) attaches to his complaint; (2) incorporates by reference in his complaint; or (3) refers to in his complaint and that are central to his complaint and indisputably authentic." *Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1297 (10th Cir. 2025) (quotation marks omitted).

Here, the defendants ask the Court to consider the videos because they "blatantly contradict[ ] a material factual allegation." ECF No. 31 at 4 (citing *Blake v. Wallace*, No. 22-3163, 2024 WL 5087805, at *2 (10th Cir. Dec. 12, 2024)). But generally, a court is "not to consider outside evidence on a motion to dismiss, even if the evidence directly contradicts the complaint's allegations." *Fuqua*, 157 F.4th at 1300. The contradictory nature of the videos therefore does not make them properly considered here. Nor does *Blake* compel a different conclusion. For one thing, *Fuqua*, as a published Tenth Circuit case, binds this Court. *Blake*, an unpublished case, does not. For another, in *Blake*, the court requested a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as part of its initial review of the case under

28 U.S.C. § 1915A(b)(1), and the video evidence came as part of that report. *See* 2024 WL

5087805, at *2. There is no *Martinez* report here.

The defendants also contend that the plaintiff's reference in his complaint to the existence

of body-cam footage makes their request fall within the second exception described above. ECF

No. 31 at 4 (citing *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th

Cir. 2005)). But the plaintiff does not directly reference or incorporate the video footage. Instead,

he notes generally that his allegations "are supported by facts and activated body worn camera

footage." ECF No. 29 at 15. That is not, for instance, a plaintiff using video footage to draft her

complaint and including quotes from conversations she only could have known from those

videos. *See Rosales v. Sandberg*, No. 24-cv-01718-GPG-CYC, 2025 WL 2391526, at *2–3 (D.

Colo. Aug. 15, 2025), *recommendation adopted*, No. 24-cv-01718-GPG-CYC, ECF No. 53 (D.

Colo. Sep. 4, 2025). And when a party seeks consideration of a document extrinsic to the

complaint, it requires that the complaint contain more than a vague reference to the document.

*See, e.g.*, *Curry v. City of Chicago*, No. 10-cv-7153, 2013 WL 884454, at *2 (N.D. Ill. Mar 8,

2013) (declining to consider documents attached to Rule 12(c) motion because the "[p]laintiff's

vague reference to 'short term disability benefits' does not necessarily implicate the City's

personnel rules"). Nor are the videos "central to [a] claim in the" complaint. *Cuervo v. Sorenson*,

112 F.4th 1307, 1312–13 (10th Cir. 2024). Simply put, the proffered videos are "central not to

plaintiff's claims but rather to defendants' theories of defense, which is not a valid exception to

the bar on extrinsic evidence at the motion to dismiss stage." *Neuendorf v. Faxon*, No. 25-CV-

0086-CVE-MTS, 2026 WL 575228, at *4 (N.D. Okla. Mar. 2, 2026). The Court therefore cannot

consider the footage. *See Fuqua*, 157 F.4th at 1299–1301.

Given that the Court cannot consider that evidence, and that these defendants adduce no other legal argument as to why the allegations in the complaint are insufficient, the Court recommends that the motion, ECF No. 31, be denied to the extent it seeks dismissal of the Eighth Amendment excessive force claim asserted against Alexander, Telisma, Israel, and Carbajal.

**II.      Deliberate Indifference to a Medical Need**

"Prison officials violate the Constitution when they act with deliberate indifference to an inmate's serious medical needs." *Est. of Beauford v. Mesa Cnty.*, 35 F.4th 1248, 1262 (10th Cir. 2022) (quotation marks omitted). "The deliberate indifference standard lies somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id*. (quotation marks omitted). This standard has both an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) "[T]he focus of the objective component is the seriousness of the plaintiff's alleged harm, while the focus of the subjective component is the mental state of the defendant with respect to the risk of that harm." *Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1044 (10th Cir. 2022).

To satisfy the objective component, the plaintiff must allege facts of a "sufficiently serious" medical need. *Farmer*, 511 U.S. at 834; *Beauford*, 35 F.4th at 1262. "A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Beauford*, 35 F.4th at 1262 (quotation marks omitted). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Id*. (quotation marks omitted).

This claim appears to be premised on the defendants leaving the plaintiff in the restraint chair for ninety minutes despite knowing that a spoon was lodged in his anal cavity during that time.

Assuming the claim meets the objective component of the test, it fails on the subjective component. That component requires a state of mind "akin to 'recklessness in the criminal law,' where, to act recklessly, a 'person must consciously disregard a substantial risk of serious harm.'" *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837, 839 (quotation marks omitted)). Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Id*. at 842. "The fact that a serious medical need was obvious could be evidence of deliberate indifference, although a prison official may show that the obvious escaped him and avoid liability." *Self*, 439 F.3d at 1231 (quotation marks omitted). Further, the plaintiff must allege the defendant personally participated in the Eighth Amendment violation. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

Here, the plaintiff's allegations include Breznay telling a deputy that the plaintiff's doctor was content with the plaintiff being restrained in the chair for two hours. *Id*. at 12. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The plaintiff's allegations concede that a medical professional told the

defendants in the plaintiff's cell that the plaintiff's doctor was fine with the plaintiff remaining in the restraint chair for up to two hours, and he was released from the chair after 90 minutes. ECF No. 29 at 12. Such allegations do not establish that the defendants disregarded an excessive risk of harm to the plaintiff and had "culpable state[s] of mind." *Mata*, 427 F.3d at 751. Rather, they show that the defendants acted in compliance with the medical professional's instruction, upon which they are "generally entitled to rely." *Key v. McLaughlin*, No. 10-cv-00103-WJM-CBS, 2013 WL 1507950, at *5 (D. Colo. Mar. 19, 2013) (collecting cases), *recommendation adopted*, 2013 WL 1509478 (D. Colo. Apr. 12, 2013). And these allegations do not show that these defendants "intentionally den[ied] or delay[ed] access to medical care or intentionally interfere[ed] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Accordingly, to the extent the plaintiff brings an Eighth Amendment deliberate indifference to a medical need claim against Alexander, Telisma, Israel, and Carbajal, ECF No. 29 at 16, that claim should be dismissed under Rule 12(b)(6).

### III.     Failure to Intervene

The plaintiff does not allege that the other moving defendants, Allison-Foisy, Campbell, Reynolds, and Walden, personally participated in this incident. Instead, he alleges that Allison-Foisy, Campbell, Reynolds, and Walden "fail[ed] to intervene" and "watch[ed] plaintiff" as he was "forced into a restraint chair." ECF No. 29 at 10. "But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see Crow v. Nira*, No. 21-cv-00252-CMA-MEH, 2022 WL 4365976, at *4 (D. Colo. Sep. 21, 2022). The plaintiff fails to allege that Allison-Foisy, Campbell, Reynolds, and Walden personally participated in any alleged Eighth Amendment violation.

It is true that "[a]n officer who fails to intervene to prevent a fellow officer's excessive use of force may be liable under § 1983," *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008), "[b]ut the officer must have had a realistic opportunity to intervene to prevent harm from occurring." *Savannah v. Collins*, 547 F. App'x 874, 876 (10th Cir. 2013). And the plaintiff does not plead any facts to suggest that these defendants "had a realistic opportunity to intervene." *Id*. His allegations are only that these defendants "watched" and "did nothing." ECF No. 29 at 16. This naked assertion, without more, is insufficient "to draw a reasonable inference that [their] conduct was constitutionally impermissible." *Savannah*, 547 F. App'x at 877. Therefore, to the extent the plaintiff brings an Eighth Amendment claim against Allison-Foisy, Campbell, Reynolds, and Walden, ECF No. 29 at 16, premised either on personal participation or failure to intervene, that claim should be dismissed under Rule 12(b)(6).

## IV.     Other "Claims"

As noted above, the plaintiff divides his claims into seven categories: excessive force, deliberate indifference, failure to intervene, causation, breach of contract, medical malpractice, and gross negligence. ECF No. 29 at 16–18. Liberally construing the plaintiff's factual allegations and "appropriately disregard[ing] the legal labels applied by a *pro se* plaintiff when those labels serve to obfuscate the nature of the legal claims asserted," *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1242 (D. Colo. 2012), the Court addressed the potential constitutional claims it found within the complaint. However, mindful that the plaintiff is proceeding pro se, the Court briefly addresses the other theories.

First, the plaintiff asserts that the defendants breached a contract in which the Denver Sheriff's Department promised to "lead with humanity." ECF No. 29 at 13. But "[i]t is well established that a simple breach of contract does not rise to the level of a constitutional

deprivation," *Dover Elevator Co. v. Ark. St. Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) (quotation marks omitted), whereas a claim under 42 U.S.C. § 1983 must allege that the plaintiff was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). To the extent the plaintiff has a viable breach of contract claim, that is a state-law claim and is not properly brought under Section 1983. And even if such a claim was properly brought before this Court through the amended complaint, the allegations — even liberally construed — do not state the elements of breach of contract that the plaintiff bears the burden of alleging under Colorado law. *Compare* ECF No. 29 at 13 (referencing a "contract" called the "Dual Mindset Promise"), *with Univ. of Denver v. Doe*, 547 P.3d 1129, 1139 (Colo. 2024) (identifying the four elements of a breach of contract claim).

Second, the plaintiff states that he brings a gross negligence claim against defendants Alexander, Telisma, Israel, and Carbajal, ECF No. 29 at 18. This appears to relate to his Eighth Amendment deliberate-indifference claim discussed above. However, for the subjective component of a deliberate-indifference claim, "gross negligence [is] not sufficient." *Morgan v. Pueblo Cnty. Sheriff's Off.*, No. 22-cv-00424-LTB-GPG, 2022 WL 22353364, at *2 (D. Colo. Apr. 26, 2022) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)), *recommendation adopted*, 2022 WL 22353361 (D. Colo. May 19, 2022); *Estelle*, 429 U.S. at 106; *Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990)). As a result, "gross negligence" is not a separate constitutional claim to be analyzed here.

Third, "causation," ECF No. 29 at 17, is not a distinct constitutional claim. To be sure it can be an element of a claim, but it is not a separate claim that can be asserted on its own against a defendant.

Finally, to the extent the plaintiff brings medical-malpractice or other claims against Breznay and a Jane Doe defendant, these individuals have not been served. *See* ECF No. 46. As a result, those claims are not addressed herein.

**V.      Qualified Immunity**

Finally, the defendants assert that qualified immunity applies here, entitling them to dismissal with prejudice. ECF No. 31 at 3. Under that doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To overcome the defense, "the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Surat v. Klamser*, 52 F.4th 1261, 1270–71 (10th Cir. 2022) (quotation marks omitted).

"Dismissal of a pro se complaint under Rule 12(b)(6) should ordinarily be without prejudice." *Vreeland v. Olson*, No. 20-cv-02330-PAB-SKC, 2021 WL 4237269, at *5 n.7 (D. Colo. Sep. 16, 2021) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). "Dismissal with prejudice is proper only 'where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Id.* (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)). Where, for instance, a plaintiff fails to show that the right he asserts was clearly established, further amendment would not change that, and qualified immunity entitles the defendant to a with-prejudice dismissal. *See id.* at *4 & n.7. But where a plaintiff "fail[s] to plead sufficient personal involvement," as the plaintiff did here with respect to Allison-Foisy, Campbell, Reynolds, and Walden, "this is a pleading error that may be

13

cured and dismissal" should "be without prejudice." *Id.*; *see, e.g.*, *Udoh v. Ferguson*, No. 13-7490 (FLW) (LHG), 2018 WL 623664, at *6 (D.N.J. Jan. 30, 2018) (noting "it is certainly true that Plaintiff has failed to plead the context of his claims" but declining to dismiss with prejudice based on qualified immunity), *aff'd*, 740 F. App'x 240 (3d Cir. 2018) (unpublished). Accordingly, the Court recommends dismissal without prejudice for those claims.

With respect to the claims against Alexander, Israel, Telisma, and Carbajal, though, the plaintiff's allegations establish that they did not have deliberate indifference to a medical need because of their reliance on the advice of a medical professional. They are therefore entitled to qualified immunity and, in turn, dismissal with prejudice on the deliberate indifference claims. *See Vreeland*, 2021 WL 4237269, at *5 n.7.

## **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS**[1] that the Deputy Defendants' Motion to Dismiss Amended Complaint, ECF No. 31, be **GRANTED in part** and **DENIED in part** and that the Eighth Amendment deliberate indifference to a medical need claims brought against Alexander, Telisma, Israel, and Carbajal be **DISMISSED with prejudice** and any Eighth

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

Amendment claims brought against Allison-Foisy, Campbell, Reynolds, and Walden be

**DISMISSED without prejudice**.

Respectfully submitted this 28th day of May, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge